IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. CALLAHAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

VANESSA D. CALLAHAN, APPELLANT.

Filed May 5, 2005.    No. A-19-952.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Megan Kielty for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

MOORE, Chief Judge.

INTRODUCTION

Vanessa D. Callahan appeals from the orders of the district court of Lancaster County that revoked her probation and imposed a jail sentence, asserting that the district court abused its discretion in both regards. We affirm.

BACKGROUND

Callahan was originally charged by information with Fraudulent Insurance Act, $1,500 - $5,000, a Class IV felony. Callahan pled no contest to, and was convicted of, the amended charge of Theft by Deception, $500 - $1,500, a Class I misdemeanor. On February 19, 2019, Callahan was sentenced to a term of 2 years' probation, with certain required conditions, which Callahan acknowledged by her signature on the probation order.

- 1 -

On July 2, 2019, the State filed a motion to revoke Callahan's probation alleging that Callahan failed to not violate any laws. The alleged probation violation stemmed from Callahan being cited for Possession of a Controlled Substance (methamphetamine). At a hearing on August 28, Callahan admitted to the alleged probation violation and the district court found by clear and convincing evidence that a violation of her probation had occurred. The court ordered an updated presentence investigation (PSI).

On September 25, 2019, a hearing was held to determine whether Callahan's probation should be revoked and if so, the sentence to be imposed. The court indicated that an updated PSI had been received and that it had reviewed it. The district court found that the motion to revoke probation should be sustained and revoked Callahan's probation. The court thereafter sentenced Callahan to 90 days in jail.

Callahan appeals.

## ASSIGNMENTS OF ERROR

Callahan assigns that the district court abused its discretion by revoking her probation and by imposing an excessive sentence.

## STANDARD OF REVIEW

The revocation of probation is a matter entrusted to the trial court. *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). Abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Lee*, 304 Neb. 252, 934 N.W.2d 145 (2019).

## ANALYSIS

*Revocation of Probation.*

Callahan argues that the district court abused its discretion in revoking her probation. Callahan asserts that the court failed to properly consider her improved cooperation with probation since the revocation motion was filed and her rehabilitative needs which had not yet been addressed. Callahan points to her improved attendance at drug testing, and the fact that she had scheduled a substance abuse evaluation. Callahan maintains that her probation should have been continued.

Neb. Rev. Stat. § 29-2268(1) (Reissue 2016) provides that if the court finds that the probationer did violate a condition of his or her probation, it may revoke probation. As noted above, discretion is entrusted to the trial court to make this determination. Here, Callahan admitted that she violated one of the terms of her probation; namely, that she not engage in any other law violations. This violation occurred when Callahan was charged with possession of a controlled substance in June 2019.

At the revocation hearing, the court noted that it had reviewed the updated PSI. The updated PSI showed that Callahan violated additional conditions of her probation, including missing or refusing drug tests, having two positive tests for methamphetamine after the revocation motion

was filed, using alcohol, and failing to make required payments toward restitution and her probation fees. The PSI included information from Callahan's probation officer that Callahan's cooperation had improved since the revocation motion was filed and that she had scheduled a substance abuse evaluation. Thus, contrary to Callahan's assertion, the district court did take into consideration this information when making its decision. However, given the entire record before the district court, particularly Callahan's admission to a subsequent law violation, we cannot say that it abused its discretion in revoking Callahan's probation as opposed to allowing her to continue on probation.

*Excessive Sentence.*

Callahan argues that the district court imposed an excessive sentence. She asserts that the court should have imposed a probationary sentence rather than a jail sentence.

Section 29-2268(1) provides that upon revocation of probation the court may impose such new sentence as might have been imposed originally for the crime of which defendant was convicted. Callahan was originally convicted of a Class I misdemeanor which is punishable by up to 1 year imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016). Callahan's 90-day jail sentence was within this statutory limit. Where, as here, a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Callahan claims that the district court did not properly consider her rehabilitative needs, and her limited criminal history. She also asserts that the court placed too much emphasis on her increased overall score on the Level of Service/Case Management Inventory, which increase was due to her "recently emerged substance use issues." Brief for appellant at 10.

In reviewing the record from the sentencing hearing, it is clear that the district court took all of the relevant factors into consideration, including Callahan's substance abuse issues and need for treatment, which information was in the updated PSI and brought to the court's attention by Callahan's counsel. The PSI shows that at the time of sentencing, Callahan was 55 years old. She was not employed, but receives disability income. Callahan tested positive for amphetamines and methamphetamine on July 24 and September 13, 2019. She had missed testing approximately 25 times between March 19 and August 24, and she had refusals on April 8 and 29. Callahan's criminal history prior to this offense included convictions for disorderly conduct--fighting (twice), third degree assault, issue bad check--$500 to $1,500, disturbing the peace, and attempt of a Class I misdemeanor. The circumstances leading to the instant offense included Callahan's attempt to fraudulently recover for injuries alleged to have been received in an automobile accident. Further,

following the instant conviction, Callahan was convicted of the reduced charge of attempted possession of controlled substance (arising out of the June 17, 2019 charge), for which she received a fine on August 27. Her updated LS/CMI assessment placed her in the high risk range to recidivate. Nevertheless, the probation officer who completed the updated PSI noted that Callahan has been cooperating with the officer, has been doing a better job with testing and has been reporting as directed, and has a substance abuse evaluation set up.

Based upon our review of the record, it is clear that the district court took the appropriate factors into consideration in sentencing Callahan and the court did not abuse its discretion in the sentence imposed.

CONCLUSION

The district court did not abuse its discretion in revoking Callahan's probation and sentencing her to 90 days in jail.

AFFIRMED.